**Billy J. CRAGER and Allen Thacker, Appellants (Defendants Below),**

v.

**Michael FRY, Appellee (Plaintiff Below).**

**No. 3–1084A287.**

Court of Appeals of Indiana, Third District.

June 17, 1985.

Billy J. Crager, pro se.

John Martin Smith, Auburn, for appellants.

Gerald M. McNerney, Butler, for appellee.

HOFFMAN, Judge.

On May 31, 1979, appellant Allen Thacker became the record owner of the property which is the subject matter of this lawsuit. Thacker sold the land to appellant Billy Crager pursuant to a verbal contract in January of 1980. Neither a deed nor a mortgage was recorded with the county recorder to evidence this sale.

IND.CODE §§ 6–1.1–24–1 through 6–1.-1–24–12 set forth the procedures for real property tax sales. Pursuant to the statute, the DeKalb County Auditor sent a notice to Thacker on July 8, 1981, indicat-

ing that a tax sale of the subject property would occur on August 10, 1981. The Auditor also published notice of the sale in The Garrett Clipper and The Auburn Evening Star on July 20, July 27, and August 3, 1981. The notice described the real estate as follows:

| " . . . | Description | Tax Del. . . .<br>15 Mo. | Current . . .<br>Tax | Cost | Total |
|---|---|---|---|---|---|
| Butler City | | | | | |
| | * | * * * | * * | | |
| Thacker, Allen | Tom'l Add.<br>N. 29½'<br>Lot 1 Blk 1 | 96.33 | 52.31 | 10.00 | 158.64" |

The tax sale took place on August 13, 1981 and the property was purchased by appellee Michael Fry. On August 15, 1983, the Auditor issued Fry a tax sale deed which was recorded the same day. Fry filed suit against Thacker and Crager on October 13, 1983 to quiet title to the real estate. On August 24, 1984, the trial court granted Fry's motion for summary judgment. Thacker and Crager raise the following two issues in their appeal from that judgment:

(1) whether the Indiana tax sale statutes are unconstitutional as applied to this case; and

(2) whether the County Auditor's failure to include the street address or other common description of the property in the tax sale notice invalidates the tax sale.

Appellants initially contend the tax sale statutes are unconstitutional as applied to them. They rest their arguments upon *Mennonite Board of Missions v. Adams* (1983), 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180, which dealt with the constitutionality of the statutes challenged here. In *Mennonite*, the Court ruled that the statute did not provide recorded mortgagees of real property with their constitutional due process guarantees. The Court determined that a mortgagee has a substantial property interest that is significantly affected by a tax sale, and held that if the mortgage is publicly recorded, notice by publication of a tax sale must be supplemented by notice mailed to the mortgagee's last known address.

■ Appellants herein claim protection under *Mennonite*. However, the distinguishing factor is that Crager did not have any recorded property interest in the subject real estate. In order to receive protection under *Mennonite*, Crager needed to have recorded his contract with Thacker. The failure to do so is fatal to his position here. Thus, the tax sale statutes are not unconstitutional as applied to him.

Appellants' second contention is that the County Auditor's failure to include the street address or other common description of the property in the tax sale notice invalidates the sale. While it is true that IND. CODE § 6–1.1–24–2.1 requires the Auditor to include "a statement, for informational purposes only, of the approximate location of each property[,]" it goes on to provide that "a misstatement in the informational statement does not invalidate an otherwise valid sale." [1] Appellants contend that there was not a misstatement of the address but rather an omission and therefore the exculpatory language of the statute does not apply.

■ This Court cannot find, nor do appellants attempt to point out, that the result of a misstatement is any different from that of an omission. A misstatement

---

**1.** This is the statute which was in effect at the time of the Auditor's notice of tax sale. It has since been amended.

of the approximate location of the property subject to the tax sale does not provide any notice to the property owner who would be interested in redeeming, nor is it informative to any potential bidders. Thus, an omission of the approximate location, where an accurate legal description has been given, is no different than a misstatement. And, as the record owner receives his constitutionally required notice of tax sale by mail, the failure to include an approximate location does not harm him. Therefore, as a misstatement of the approximate location does not invalidate an otherwise valid tax sale, the omission of the approximate location under the previous statute will not invalidate it either.

The trial court is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.

